Matter of Goldman v Icaro Media Group, Inc. (2026 NY Slip Op 00836)

Matter of Goldman v Icaro Media Group, Inc.

2026 NY Slip Op 00836

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 153193/24|Appeal No. 5852|Case No. 2024-06360|

[*1]In the Matter of Lloyd Goldman, Petitioner-Appellant,
vIcaro Media Group, Inc., et al., Respondents-Respondents.

Pryor Cashman LLP, New York (Brian Hoffman of counsel), for appellant.
Law Office of David P. Berman, Brooklyn (David P. Berman of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 11, 2024, which granted the petition to inspect respondent Icaro Media Group, Inc.'s books and records only to the extent of permitting review of shareholder information under Business Corporations Law § 1315, unanimously affirmed, with costs.
Petitioner Lloyd Goldman, through his limited liability company, LG Asset Management, LLC, is an investor and shareholder in respondent Icaro Media Group, Inc. (Icaro), a Nevada corporation with a principal place of business in New York. Respondent Paul Feller is the Chairman and Chief Executive Officer of Icaro.
Supreme Court correctly granted Goldman's petition to the extent of requiring disclosure of Icaro's shareholder information under Business Corporation Law § 1315 (see Madison Liquidity Invs. 103 v Carey, 291 AD2d 362, 362 [1st Dept 2002]). As a New York resident shareholder in respondent foreign corporation, petitioner is entitled to inspect the corporations' shareholder lists (see id.; see also Airtran N.Y., LLC v Midwest Air Group, Inc., 46 AD3d 208, 212, 214 [1st Dept 2007]). Access to shareholder lists is a recognized exception to the general rule that "claims concerning the relationship between the corporation, its directors, and a shareholder are governed by the substantive law of the state or country of incorporation" (Davis v Scottish Re Group Ltd., 138 AD3d 230, 233 [1st Dept 2016], revd on other grounds 30 NY3d 247 [2017]; see Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 338-339 [2024]).
We reject Goldman's contention that he is entitled to the other categories of documents he requested under the common law, or under Business Corporation Law § 624, which provides broader rights to shareholders of corporations formed in New York State. Such a finding would render Business Corporation Law § 1315 meaningless (see e.g. Bank of Am., N.A. v Kessler, 39 NY3d 317, 325 [2023] [citations omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026